UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN ZIELINSKI, JR., | Case No. 3:12-cv-00127-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| FRONTIERLAND COMMUNICATIONS, et al., | |
| Defendants. | |

On March 7, 2012, Plaintiff filed an incomplete application to proceed *in forma pauperis (dkt. no. 1)* and civil rights complaint (dkt. no. 1-1.) The Court issued an order on August 9, 2013, directing Plaintiff to file a complete application or pay the filing fee ("the Order") (dkt. no. 6.) The Court provided Plaintiffs with thirty (30) days to comply.

The thirty-day period has expired, and Plaintiff has not paid the filing fee, filed a fully completed application to proceed *in forma pauperis,* or otherwise responded to the Court's Order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)

the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's Order expressly stated: "In order to maintain this action, Plaintiff will either need to pay the $400 filing fee or submit a renewed and completed application to proceed in forma pauperis that is signed and demonstrates, with particularity, his inability to pay the filing fee within **THIRTY DAYS OF THE DATE OF THIS ORDER.** Plaintiff is cautioned that a failure to pay the filing fee or submit a renewed application to proceed in forma pauperis will result in dismissal of this action." (Dkt. no. 6 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's Order to pay the filing fee or file a renewed and complaint application to proceed *in forma pauperis* within thirty (30) days.

///
///
///
///
///

1  It is therefore ordered that this action is dismissed without prejudice based on
2  Plaintiff's failure to pay the filing fee or file a renewed and complete application to
3  proceed *in forma pauperis* in compliance with this Court's August 9, 2013, Order.

DATED THIS 7th day of November 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE